IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Marriage of MIROSLAV TSANEV, | ) ) ) | No. 81255-6-I |
| Appellant, | ) ) | |
| and | ) ) | UNPUBLISHED OPINION |
| ELENA TSANEV, | ) ) ) | |
| Respondent. | ) | |

BOWMAN, J. — Miroslav Tsanev appeals the trial court's order denying his motion to vacate a CR 2A agreement and entry of a final parenting plan. Because the record is insufficient to consider his claim of duress and does not support his challenge to the parenting plan, we affirm.

FACTS

Miroslav and Elena[1] married in May 2016 in South Carolina. They have one son, born September 2018. The couple separated in February 2019.

The parties hired attorneys and mediated their dissolution with a professional mediator. They resolved their issues, and both Miroslav and Elena signed a stipulation and settlement agreement under CR 2A. As to the parenting plan, the parties agreed that the one-year-old child would reside mostly with

---

[1] We refer to Miroslav Tsanev and Elena Tsanev by their first names for purposes of clarity and mean no disrespect by doing so.

Citations and pin cites are based on the Westlaw online version of the cited material.

Elena. He would visit Miroslav two evenings per week and on weekends, depending on Miroslav's military reserve schedule. They agreed to review the residential schedule in June 2022 or when Elena graduated from school or obtained full-time employment, whichever was sooner. They also agreed to waive the statutory requirement that they petition and show adequate cause to modify the parenting plan. Instead, they would request modification "solely by motion." Finally, they agreed that neither parent has any "problems" that would require limitations under RCW 26.09.191 or any "other problems" that may harm the child's best interests.

The parties determined that Elena's attorney would prepare the final dissolution orders and Miroslav's attorney would present the final orders to the court. But while Elena's attorney was preparing the orders, Miroslav began to have concerns about the CR 2A agreement. When his attorney forwarded Elena's final orders for review, Miroslav raised his "concerns and issues" with his attorney. Miroslav then fired his attorney and filed a notice of appearance to represent himself.

Miroslav e-mailed his concerns about the CR 2A agreement to Elena's attorney. Elena's attorney told Miroslav that "I will be filing a motion to enforce the CR2A if you do not sign and return the proposed final orders." Miroslav did not sign the final orders. Instead, he moved to vacate the CR 2A stipulation and agreement. Miroslav asserted Elena's attorney, his former attorney, and the mediator "bullied" him into signing the CR 2A agreement "without knowing or understanding what I signed."

Elena moved to enforce the agreement and asked for attorney fees, claiming Miroslav's intransigence forced her to bring the motion. The trial court granted Elena's motion to enforce the CR 2A agreement and denied Miroslav's motion to vacate. While the court denied Elena's request for attorney fees, it reserved the ability to impose fees "if there is intransigence by Petitioner regarding final orders." The court set a hearing to present the final orders.

Elena's attorney prepared and presented the final orders at the hearing. Miroslav represented himself at the hearing and refused to sign the final orders. The trial court approved Elena's proposed orders and entered the final dissolution decree, parenting plan, and order of support.[2] The court awarded Elena $1,500 in attorney fees.

Miroslav filed an untimely motion to reconsider the court's order enforcing the CR 2A agreement and denying his motion to vacate. For the first time, Miroslav alleged Elena committed acts of domestic violence against him. He asserted the court must vacate the CR 2A agreement and final parenting plan "or at least have a full new hearing" under the "best interests of the child" policy of the Parenting Act of 1987, chapter 26.09 RCW. The trial court denied the motion ex parte.

Miroslav appealed.

---

[2] The court approved the proposed orders "with modifications" and allowed Elena's attorney to "make the appropriate changes" and submit the final orders "ex parte for signing at a later time."

ANALYSIS

CR 2A Agreement

Miroslav argues that he signed the CR 2A agreement under duress. He claims that the judge erred in concluding that "because there were three (3) attorneys in the mediation, then the mediation was proper and [he] did not sign under duress." Miroslav does not provide an adequate record for us to review his claim.

CR 2A governs the court's ability to compel enforcement of a settlement agreement. Morris v. Maks, 69 Wn. App. 865, 868, 850 P.2d 1357 (1993). A court will enforce an unrecorded written agreement between parties or attorneys "in respect to the proceedings in a cause" where "the purport" of the agreement is not in dispute. CR 2A; see In re Marriage of Ferree, 71 Wn. App. 35, 39-40, 856 P.2d 706 (1993). The party seeking to enforce a CR 2A agreement has the burden of showing that there is no genuine dispute about the material terms of the agreement. Ferree, 71 Wn. App. at 41. We review a trial court's decision to enforce a settlement agreement for abuse of discretion. Morris, 69 Wn. App. at 868.

As the appellant, Miroslav bears the burden of complying with the Rules of Appellate Procedure and perfecting the record on appeal so that we may review the facts in support of his claimed error. RAP 9.1; Rhinevault v. Rhinevault, 91 Wn. App. 688, 692, 959 P.2d 687 (1998). Miroslav did not designate the verbatim report of proceedings for the hearing on his motion to vacate the CR 2A

4

agreement.  See RAP 9.1(b).  Because Miroslav provides no transcript of the hearing for our review, we cannot review his claim.[3]

Further, Miroslav's citations to the record mostly refer to the conclusory allegations he made in his briefing below.  RAP 10.3(a)(6) requires a party to provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record."  See Winter v. Dep't of Soc. & Health Servs., 12 Wn. App. 2d 815, 835, 460 P.3d 667, review denied, 196 Wn.2d 1025, 476 P.3d 565 (2020).  We decline to consider Miroslav's claims based solely on his description of the events.[4]

Parenting Plan

Miroslav contends the parties' agreed parenting plan violates public policy because it fails to consider the best interests of the child.  Specifically, Miroslav claims the trial court ignored evidence of domestic violence that mandates restrictions under RCW 26.09.191.  We disagree.

"[U]nder the Parenting Act, the best interests of the child continues to be the standard by which the trial court determines and allocates parenting responsibilities."  In re Marriage of Possinger, 105 Wn. App. 326, 335, 19 P.3d 1109 (2001).  A court must limit a parent's residential time if it finds that the parent has a history of acts of domestic violence.  RCW 26.09.191(2)(a)(iii); In re

---

[3] Miroslav claims that he is unable to provide a transcript because the January 8, 2020 hearing on entry of the final parenting plan and order of child support in Snohomish County Superior Court was not recorded.  But Miroslav's arguments stem from the December 2019 hearing on his motion to vacate the CR 2A agreement.

[4] Moreover, as much as the trial court based its decision on an assessment of the parties' testimony, we do not review credibility determinations on appeal.  In re Marriage of Black, 188 Wn.2d 114, 127, 392 P.3d 1041 (2017).

Parentage of A.F.M.B., 1 Wn. App. 2d 882, 891, 407 P.3d 1161 (2017).  We review a trial court's decision on a parenting plan for abuse of discretion.  In re Marriage of Kovacs, 121 Wn.2d 795, 801, 854 P.2d 629 (1993).  A trial court abuses its discretion when a decision is manifestly unreasonable or based on untenable grounds.  Kovacs, 121 Wn.2d at 801.

The record shows that Miroslav did not allege domestic violence by Elena before the court entered the parties' agreed parenting plan.  The parenting plan specifically states that there were "no reasons for [RCW 26.09.191] limitations" on either parent.  Miroslav first alleged domestic violence when he moved for reconsideration of the order denying his motion to vacate the CR 2A agreement.  He attached to his motion to reconsider reports from the Department of Children, Youth and Families (DCYF) that staff wrote before the dissolution proceedings.  Miroslav's motion was untimely and properly denied.  CR 59(b).[5]  But even if Miroslav timely raised the domestic violence allegations, the DCYF reports specifically show the agency had "no safety concerns for the child" while in the care of his parents.  We conclude the trial court did not abuse its discretion in entering the final parenting plan consistent with the parties' CR 2A agreement.

Attorney Fees

Miroslav argues the trial court failed to consider Elena's "need for help" and his ability to pay when awarding her attorney fees in the final dissolution decree.  An award of attorney fees is within the discretion of the trial court, and

---

[5] Under CR 59(b), a motion for reconsideration "shall be filed not later than 10 days after the entry of the judgment, order, or other decision."  Here, Miroslav moved to reconsider on January 23, 2020, 37 days after the entry of the order denying the motion to vacate on December 17, 2019.

we review the court's decision for abuse of that discretion. In re Marriage of Crosetto, 82 Wn. App. 545, 563, 918 P.2d 954 (1996).

In her motion to enforce the CR 2A agreement, Elena requested attorney fees under RCW 4.84.185 "for being forced to bring this motion" because of Miroslav's "undue repudiation" and "intransigence." In its order enforcing the parties' CR 2A agreement, the trial court reserved the ability to award attorney fees for intransigence pending entry of the final orders.

"A trial court may consider whether additional legal fees were caused by one party's intransigence and award attorney's fees on that basis." In re Marriage of Greenlee, 65 Wn. App. 703, 708, 829 P.2d 1120 (1992). Intransigence includes foot-dragging and obstruction. Greenlee, 65 Wn. App. at 708. An attorney fee award for intransigence does not require a showing of need or ability to pay. In re Marriage of Mattson, 95 Wn. App. 592, 604, 976 P.2d 157 (1999). Given Miroslav's repeated attempts to undermine the settlement agreement and his refusals to sign the final orders, we cannot say that the trial court abused its discretion in awarding Elena fees based on Miroslav's intransigence.

Elena requests fees on appeal under RCW 4.84.185, which allows the prevailing party to receive expenses when opposing a frivolous action. But RCW 4.84.185 is not a basis for recovery of fees on appeal. Bill of Rights Legal Found. v. Evergreen State College, 44 Wn. App. 690, 697, 723 P.2d 483 (1986).

Because Elena has alleged no other grounds on which we should award her attorney fees, we decline her request.

Affirmed.

Brenner, J

WE CONCUR:

Coburn, J.          Chun, J.